**Luis ACOSTA, Plaintiff–Appellant,**

v.

**CITY OF PHOENIX, a municipal corporation, Defendant–Appellee.**

**No. 07–15195.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2008.*

Filed Oct. 20, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Luis Acosta, Phoenix, AZ, for Plaintiff–Appellant.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

David F. Gaona, Esq., Nicole Seder Cantelme, Esq., Gaona Law Firm, Phoenix, AZ, for Defendant–Appellee.

Before: LEAVY, RYMER, and THOMAS, Circuit Judges.

### MEMORANDUM **

Luis Acosta appeals pro se from the district court's summary judgment in his action alleging employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Peterson v. Hewlett–Packard Co.*, 358 F.3d 599, 602 (9th Cir. 2004), and may affirm on any basis supported by the record, *Valdez v. Rosenbaum*, 302 F.3d 1039, 1043 (9th Cir.2002). We affirm.

The district court properly granted summary judgment on Acosta's discrimination and retaliation claims relating to his transfer to Salt River Service Center because he failed to make any reference to that transfer in his Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination. *See Green v. Los Angeles County Superintendent of Schs.*, 883 F.2d 1472, 1475–76 (1989) (explaining that the court could not consider a Title VII claim when the plaintiff did not exhaust his administrative remedies for an incident that was not "like or reasonably related to" the allegations in his EEOC Charge of Discrimination).

The district court properly granted summary judgment on Acosta's discrimina-

tion and retaliation claims relating to his transfer to the Metro Facilities Division and his work-station assignments because he failed to demonstrate an adverse employment action and therefore failed to make a prima facie case of discrimination or retaliation. *See Peterson,* 358 F.3d at 603 (explaining that the plaintiff alleging discrimination has the burden of showing that he experienced an adverse employment action); *Porter v. Cal. Dep't of Corr.,* 419 F.3d 885, 894 (9th Cir.2005) (same, retaliation case).

We do not consider Acosta's contention that the City violated his First Amendment rights. *See Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999) ("As a general rule, we will not consider arguments that are raised for the first time on appeal.").

We deny the City's motion to strike Acosta's reply brief.

**AFFIRMED.**